**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIKA GOODMAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 24 C 06088 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## OPINION AND ORDER

Defendant Department of Labor has moved to dismiss Erika Goodman's complaint—which alleges unlawful race and sex discrimination, unlawful retaliation, and wrongful termination in violation of Title VII, 42 U.S.C. § 2000e-1 *et seq.*—arguing it was untimely filed. (Dkt. 9 ¶ 17; Dkt. 11; Dkt. 12 at 1). For the following reasons, the DOL's Motion to Dismiss [11] is denied.

## BACKGROUND

Plaintiff, Erika Goodman, worked as a management analyst in the Department of Labor's ("DOL") Office of the Solicitor from January 8, 2017 to April 28, 2021. (Dkt. 9 ¶ 1). In 2019, her travel cards were frozen due to suspected misuse, which an internal audit later confirmed. (*Id.* ¶¶ 1, 5). On January 27, 2021, the DOL issued Goodman a notice for proposed removal from federal service and removed her three months later, on April 28, 2021. (*Id.* ¶ 10). In November 2019, while the DOL was actively investigating Goodman's potential misuse of her government cards, Goodman submitted an informal Equal Employment Opportunity ("EEO") complaint. (*Id.* ¶ 7). Goodman withdrew that complaint in early 2021, prior to receiving her notice for proposed removal. (*Id.* ¶ 10).

Goodman appealed her removal to the U.S. Merit Systems Protection Board ("MSPB"). (*See* Dkt. 12 at 2 n.1). An Administrative Law Judge ("ALJ") issued an initial decision affirming the DOL's termination action on October 25, 2021. (Dkt. 1 at 23). Goodman petitioned for review of the initial decision, and a three-judge MSPB panel denied the petition on May 1, 2023. (*Id.* at 56–57). The MSPB's May 1, 2023 decision included a "Notice of Appeal Rights." (*Id.* at 155–159). That notice states that claimants raising unlawful discrimination claims may obtain judicial review "by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision." (*Id.* at 157 (emphasis in original)). The notice also provides the general rule governing judicial review of an MSPB decision, which is that the claimant "must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of <u>the date of issuance</u> of this decision." (*Id.* at 156 (emphasis in original)). A certificate of service was attached to the decision indicating Goodman was sent the MSPB Order on May 1, 2023 via electronic mail and listing her home address. (*Id.* at 161).

On July 3, 2023, Goodman filed a petition for review with the U.S. Court of Appeals for the Federal Circuit. (Dkt. 1 at 8). The Federal Circuit transferred Goodman's case to this Court on October 20, 2023, concluding it lacked jurisdiction because Goodman brought a "mixed case," i.e., one that included allegations of unlawful discrimination and retaliation. (Dkt. 1 at 3); *see* 5 U.S.C. § 7703(b)(1), (b)(2). Goodman's case was docketed with this Court on July 18, 2024, and she filed an operative complaint on November 7, 2024. (Dkt. 12 at 3; Dkt. 1; Dkt. 9).

Between October 2021, when the ALJ issued its initial decision, and May 2023, when the MSPB denied Goodman's petition for review, the MSPB was struggling with both a lack of quorum and, later, a 3,800-case backlog. *See* U.S. Merit Systems Protection Board, *Frequently*

*Asked Questions About the Lack of Quorum Period and Restoration of the Full Board*, https://www.mspb.gov/New_FAQ_Lack_of_Quorum_Period_and_Restoration_of_the_full_boar d.pdf (Feb. 27, 2023). According to Goodman, these administrative delays contributed to her late filing. (Dkt. 15 at 1–2). She claims that she periodically checked her email, expecting an update from the MSPB when its quorum was restored. (*Id.* at 1). But Goodman alleges that she only realized a quorum was restored and her petition had been adjudicated in "mid-June 2023" when "reviewing the MSPB website." (*Id.*)

Given the 63-day period between the MSPB's denial of Goodman's petition review and Goodman's filing in the Federal Circuit, the DOL now argues that Goodman's complaint should be dismissed as untimely. (*See* Dkt. 12 at 1).

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts the complaint's factual allegations as true and draws all permissible inferences in the plaintiff's favor. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court considers the complaint itself along with "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *See Matthews v. Hughes*, 2015 WL 5876567, at *1 (N.D. Ill. Oct. 5, 2015) (cleaned up) (citing *Philips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013)); *see also Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021). A defendant is permitted to raise a statute of limitations defense at the motion to dismiss stage "if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.' " *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States*

*v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If, however, there is "any set of facts that if proven would establish a defense to the statute of limitations," the motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

## DISCUSSION

Title 5 U.S.C. § 7703 governs judicial review of MSPB decisions. Section 7703(b) vests the U.S. Court of Appeals for the Federal Circuit with jurisdiction to review final orders or decisions of the Board, except in so-called "mixed cases" that are both appealable to the MSPB and involve discrimination allegations; those "shall be filed in the district court." *Kloecker v. Solis*, 568 U.S. 41, 50 (2012). Goodman's case is quintessentially mixed. The only counts in her operative complaint allege some form of unlawful discrimination or retaliation in violation of Title VII. (*See* Dkt. 9 at 4, 7, 9). Thus, the Federal Circuit rightfully transferred her case.

Goodman does not argue that she was mistaken in filing in the Federal Circuit. Instead, she seems to concede that her case ought to have been filed with this Court but claims that that the only reason she filed with the Federal Circuit was because the time limits on her other options had already passed given the MSPB decision date of May 1, 2023. (Dkt. 1 at 155–59; *see* Dkt. 15 at 1 ("The MSPB provided several options for appeal in which all were exhausted except the U.S. Court of Appeals for the Federal Circuit.")). But Goodman, a *pro se* litigant, does not claim to know when the clock began to run on her appeal rights.

While § 7703 provides employees seeking review of an adverse MSPB with 60 days to file in the Federal Circuit, it only offers them 30 days to file mixed cases in the district court. *Compare* § 7703(b)(1)(A), *with* § 7703(b)(2). It is uncontroverted that Goodman's case was filed in the Federal Circuit sixty-three days after the MSPB's ruling, and that her file-date in this Court is the

same as her file-date there. *See* 28 U.S.C. § 1631. It is less clear whether the clock on her appeal rights started ticking on the date of the MSPB ruling.

A plaintiff's filing window opens on the date they, or their attorney, actually receive the agency's right-to-sue notice which, in this case, was included with the MSPB's final order. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). When right-to-sue notices are sent via e-mail, the clock starts on the day a plaintiff receives the email, not the day on which she reads it. *Lax*, 20 F.4th at 1183.

Here, the MSPB ruled on May 1, 2023, and the attached certificate of service indicates that Goodman was notified via electronic mail on the same day. (Dkt. 1 at 151, 161). The DOL points to the certificate of service and *Lax* to establish that Goodman's filing window opened on May 1, 2023. (*See* Dkt. 12 at 6–7). In *Lax*, it was undisputed that the plaintiff received his right-to-sue notice via email on the date the government alleged he had. *Lax*, 20 F.4th at 1181. Moreover, the Court had the email informing the plaintiff of his appeal rights in evidence. *Id.* at 1180–81. Goodman's case presently lacks this consensus and evidence.

First, the DOL claims that Goodman concedes she received the MSPB notice on May 1, 2023, but read it sometime later. (Dkt. 16 at 2). The Court finds no such concession in Goodman's response to the DOL's Motion to Dismiss. She states that she "periodically checked her email for any response from the MSPB regarding her case, with the expectation of receiving an update once the Appeals Board was re-established." (Dkt. 15 at 1). In the next sentence, she states that it was not until mid-June 2023, when she was independently "reviewing the MSPB website to determine whether an appeal board had been appointed," that she discovered a quorum on the MSPB had been restored, and her appeal had been decided. (*Id.*) Contrary to establishing that Goodman received the MSPB notice via email on May 1, 2023 and read it sometime later, this language

suggests to the Court that, *despite* checking her email for updates from the MSPB, she did not receive actual notice of the status of her case until mid-June based on her own research efforts.

Second, the record does not clear up the confusion of when Goodman received notice from the MSPB because the alleged email the MSPB sent her is not attached to any filing on the docket. The DOL cites to the certificate of service, (Dkt. 1 at 161; Dkt. 12-1 at 16), as evidence the email was sent. The certificate attached to the Board's decision, however, indicates notice was sent to Goodman via "Electronic Mail" but then lists her physical address, not her email address. (*Id.*) Other certificates of service in the administrative record indicate Goodman was served by "Electronic Mail" and list her email address; but not the May 1, 2023 certificate. (*Id.*; *see, e.g.*, Dkt. 1 at 113). It is thus conceivable that Goodman never received the MSPB notice via email.

The running of a statute of limitations is an affirmative defense. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Dismissing a complaint based on an affirmative defense is an " 'irregular' approach," reserved only for situations where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)). Here, Goodman's complaint and the incorporated documents do not set forth everything necessary to establish that she received actual notice of her appeal rights on May 1, 2023. Based on the submissions before the Court, it is possible she only received that notice in mid-June; and, if that is the case, then her complaint is timely. It is thus inappropriate to rule on the statute of limitations at this stage.

## **CONCLUSION**

For the reasons set forth above, the Court denies the Department of Labor's Motion to Dismiss [11].

Virginia M. Kendall
United States District Judge

Date: April 10, 2025